**Teo ZAOUTASHUILI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto Gonzales,\* United States Attorney General, Respondents.**

No. 04–0269–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 10, 2006.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Thomas B. Heffelfinger, United States Attorney, District of Minnesota. Robyn A. Millenacker, Assistant United States Attorney, Minneapolis, Minnesota, for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT D. SACK, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Teo Zaoutashuili ("Zaotasuili") petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") denying her applications for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case.

To turn down a refugee candidate for want of sufficient corroboration, an IJ must: (1) "decide explicitly" whether or not the candidate's testimony was credible (without relying exclusively on the lack of corroborating evidence); and, if credible, (2) determine whether additional corroboration is necessary for the candidate to meet his or her burden of proof. *See Diallo v. INS,* 232 F.3d 279, 285–90 (2d Cir.2000). "If the BIA insists on further corroboration, it should explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the candidate's] proffered explanations for the lack of such corroboration are insufficient." *Id.* at 290; *see also Alvarado–Carillo v. INS,* 251 F.3d 44, 54–55 (2d Cir.2001) ("[T]he BIA here did not identify any particular document or type of document it believed to be missing from the record (as it did in *Diallo* ), much less explain why it would have been reasonable to expect the provision of such materials . . . .") (internal quotation marks omitted); *see also Qiu v. Ashcroft,* 329

mer Attorney General John Ashcroft as the respondent in this case.

F.3d 140, 153–54 (2d Cir.2003) ("Unless the BIA anchors its demands for corroboration to evidence which indicates what the petitioner can reasonably be expected to provide, there is a serious risk that unreasonable demands will inadvertently be made.... What is (subjectively) natural to demand may not [] be (objectively) reasonable.").

In the present case, the IJ failed to make an "explicit credibility determination." Furthermore, the IJ failed to explain why (1) it was reasonable to expect Zaoutashuili to produce the documents mentioned to corroborate her Jewish identity; and (2) why Zaoutashuili's excuses for the missing documents were insufficient. *See Diallo*, 232 F.3d at 290.

For these reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for proceedings consistent with this order. Although we need not decide the due process claim, as remand is warranted on other grounds, the BIA is instructed to allow Zaoutashuili to present testimony regarding whatever facts she deems supportive of her claim. *See* 8 U.S.C. § 1229a(b)(4)(B) (an alien "shall have a reasonable opportunity ... to present evidence on the alien's own behalf"); *see also Augustin v. Sava*, 735 F.2d 32, 36 (2d Cir.1984).